IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 14 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-02826-BNB

CLAY ALEXANDER,

    Applicant,

v.

ARISTEDES ZAVARAS, in his official capacity as Executive Director of Colorado
    Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Clay Alexander, has filed *pro se* on December 29, 2009, an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Alexander was confined in a community corrections facility in Colorado Springs, Colorado, when he initiated this action. He has filed a notice of change of address, and it is not clear whether he remains in custody. Mr. Alexander is challenging the validity of his conviction and sentence in El Paso County District Court case number 02CR2126.

On January 6, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On January 21, 2010, Respondents filed their Pre-Answer Response. On March 31, 2010, Mr. Alexander filed a reply to the Pre-Answer Response.

The Court must construe the application and other papers filed by Mr. Alexander liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be dismissed.

Mr. Alexander pled guilty to one count of aggravated robbery under section 18-4-302(1)(d) of the Colorado Revised Statutes, which provides as follows:

> (1) A person who commits robbery is guilty of aggravated robbery if during the act of robbery or immediate flight therefrom:
>
> . . .
>
> (d) He possesses any article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or represents verbally or otherwise that he is then and there so armed.

There was no dispute that Mr. Alexander possessed only a toy gun during the robbery to which he pled guilty. On January 9, 2004, Mr. Alexander was sentenced to fourteen years in prison. He did not file a direct appeal.

On November 28, 2005, Mr. Alexander filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. On February 1, 2007, the Rule 35(c) motion was denied without a hearing and the trial court's order denying the Rule 35(c) motion subsequently was affirmed on appeal. *See People v. Alexander*, No. 07CA0470 (Colo. Ct. App. July 10, 2008) (unpublished). On September 21, 2009, the Colorado Supreme Court denied Mr. Alexander's petition for writ of certiorari in the postconviction Rule 35(c) proceedings.

As noted above, the instant habeas corpus application was filed on December 29, 2009. Construing the application liberally, Mr. Alexander asserts the following eight claims for relief:

1.  There was insufficient evidence to convict Mr. Alexander of aggravated robbery.

2.  Mr. Alexander's guilty plea violates his Fifth and Fourteenth Amendment rights because there was no factual basis for the plea.

3.  Mr. Alexander's guilty plea violates his Fifth and Fourteenth Amendment rights because he did not understand the nature or elements of aggravated robbery.

4.  Mr. Alexander's guilty plea violates his Fifth, Sixth, and Fourteenth Amendment rights because he did not make a free-will choice to plead guilty and was overwhelmed by fear.

5.  Mr. Alexander's conviction is a nullity and void in violation of his Fifth and Fourteenth Amendment rights because the trial court failed to arraign him on the charges.

6.  Mr. Alexander's constitutional right to a speedy trial was violated.

7.  Trial Counsel operated under an undisclosed conflict of interest in violation of Mr. Alexander's Sixth and Fourteenth Amendment rights.

8.  The prosecution failed to disclose exculpatory evidence in violation of Mr. Alexander's Fifth and Fourteenth Amendment rights.

Respondents first argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Mr. Alexander contends that this action is not time-barred because the one-year limitation period should be tolled for various equitable reasons. Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Alexander's criminal case became final. *See* 28 U.S.C. § 2244(d)(1)(A). Because Mr. Alexander did not file a direct appeal, his conviction became final when the time for filing a direct appeal expired. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Alexander had forty-five days to file a notice of appeal after he was sentenced. As stated above, Mr. Alexander was sentenced on January 9, 2004. Therefore, the Court finds that his conviction became final on February 23, 2004, which was forty-five days after he was sentenced.

4

The Court also finds that the one-year limitation period began to run on February 23, 2004. Mr. Alexander is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). Although Mr. Alexander raises arguments relevant to § 2244(d)(1)(B) & (D), the Court is not convinced that the one-year limitation period began to run on some date after Mr. Alexander's conviction became final.

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the one-year limitation period will not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" if that date is later than the date on which the conviction became final. Mr. Alexander's arguments pursuant to § 2244(d)(1)(D) are premised on his contention that he did not know his rights had been violated until some unspecified time after his conviction became final. He specifically contends that his legal research did not reveal any cases in which a conviction for aggravated robbery was based on a toy gun (Reply to Pre-Answer Resp., Doc. #17 at 13-14); his ability to conduct legal research was hindered because the Colorado Department of Corrections (DOC) does not provide adequate legal research materials (*id.* at 18); he had to purchase information from sources outside of prison explaining rules of evidence, the constitutionality of presumptions and how they are used, and jury instructions for aggravated robbery (*id.* at 14); and he had been tricked into pleading guilty by defense counsel and the prosecutor, who actively misled him to believe that a toy gun could support a conviction for aggravated robbery (*id.* at 17-18).

The problem with Mr. Alexander's arguments pursuant to § 2244(d)(1)(D) is that he fails to demonstrate he did not know, and could not discover, the factual predicate for his claims before his conviction became final. In other words, Mr. Alexander knew when he was convicted, or could have discovered at that time, that he was being convicted of aggravated robbery based on his possession and use of a toy gun. The toy gun is the factual predicate of the claims Mr. Alexander contends he did not discover until some later date. Mr. Alexander's alleged lack of awareness of the legal claims he seeks to raise based on his possession and use of a toy gun does not demonstrate he did not know, and could not have discovered, he was pleading guilty to aggravated robbery based on his possession and use of a toy gun at the time he entered his guilty plea.

Mr. Alexander also argues that the actions of various state officials delayed his efforts to seek postconviction relief in the state courts. More specifically, he alleges that he was denied files by both the prosecutor and the public defender (Reply to Pre-Answer Resp., Doc. #17 at 30-32); certain documents or portions of documents he submitted to the state court were not received by the court (*id.* at 24-25); he was unable to obtain a copy of his plea agreement or the actual presentence report (*id.* at 28); and DOC policies and practices violated his constitutional right of access to the courts (*id.* at 32-37). Although Mr. Alexander raises these arguments in the context of equitable tolling, the Court also will consider the arguments in the context of § 2244(d)(1)(B), which provides that the one-year limitation period does not begin to run until "the date on which the impediment to filing an application created by State action in violation of

the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

The Court does not find that § 2244(d)(1)(B) is applicable to the circumstances described by Mr. Alexander. First, Mr. Alexander fails to allege or demonstrate that his constitutional rights somehow were violated when he was denied files by the prosecutor and public defender, when certain documents submitted to the state courts were not received, or when he was unable to obtain a copy of his plea agreement or presentence investigation report. Although Mr. Alexander contends that DOC officials violated his constitutional right of access to the courts, he alleges in support of the access to the courts claim only that letters mailed to Mr. Alexander from attorneys responding to his requests for legal representation were returned if the envelopes did not include an attorney registration number; that DOC law libraries, in general, are not adequate; and that the DOC limits the number of pages that may be photocopied for court pleadings. These allegations, which do not demonstrate that Mr. Alexander suffered any actual injury in his ability to pursue a nonfrivolous legal claim, are not sufficient to support an access to the courts claim. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996). Furthermore, even assuming Mr. Alexander could demonstrate unconstitutional state action, the arguments lack merit under § 2244(d)(1)(B) because he fails to allege specific facts that demonstrate how the allegedly unconstitutional state action prevented him from filing a timely petition in this Court.

In summary, the Court rejects any arguments under § 2244(d)(1)(B) and (D) and finds, in accordance with § 2244(d)(1)(A), that the one-year limitation period began to run on February 24, 2004, when Mr. Alexander's conviction became final.

The next question the Court must answer is whether the one-year limitation period was tolled for any period of time pursuant to 28 U.S.C. § 2244(d)(2). As noted above, Mr. Alexander filed a postconviction Rule 35(c) motion in the trial court on November 28, 2005. According to the copy of the register of actions submitted by Mr. Alexander, he also filed a number of other motions in the trial court after his conviction became final and prior to filing the Rule 35(c) motion. (*See* Application part 1, Doc. #6-2, p.13.) Although he does not argue specifically that any of these postconviction motions tolled the one-year limitation period pursuant to § 2244(d)(2), the Court will consider whether any of Mr. Alexander's postconviction motions tolled the one-year limitation period pursuant to § 2244(d)(2).

Pursuant to § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending"

8

includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Prior to filing his Rule 35(c) motion on November 28, 2005, Mr. Alexander filed the following postconviction motions in the trial court: on May 4, 2004, Mr. Alexander filed a document titled Motion for Reconsideration but no actual motion was attached (*see* Application part 4, Doc. #6-5, p.29); on August 3, 2004, Mr. Alexander filed a letter to the trial court requesting feedback about a possible error on the mittimus regarding the form of aggravated robbery to which he pled guilty (*see* Application part 4, Doc. #6-5, p.40); on September 13, 2004, counsel filed a motion to amend mittimus to reflect that Mr. Alexander pled guilty to aggravated robbery pursuant to Colo. Rev. Stat. § 18-4-302(1)(d) rather than § 18-4-302(1)(b) (*see* Application part 4, Doc. #6-5, p.42) and an amended mittimus was issued September 14, 2004 (*see* Application part 1, Doc. #6-2, p.13); on March 3, 2005, Mr. Alexander filed a motion for a copy of his signed plea agreement (*see* Application part 4, Doc. #6-5, p.5) to which the trial court responded by minute order on March 15, 2005, stating that, upon review of the file, there is no written plea agreement (Application part 4, Doc. #6-5, p.6); on March 3, 2005, Mr. Alexander apparently also filed a motion for a copy of the case file in order to file a Rule 35(c) motion (*see* Application part 4, Doc. #6-5, p.57); and on March 25, 2005, Mr. Alexander

filed an amended motion for a copy of the case file in order to file a Rule 35(c) motion (*see* Application part 4, Doc. #6-5, pp.58-59).

Respondents argue that none of the motions that Mr. Alexander filed in the trial court between May 2004 and March 2005 tolled the one-year limitation period pursuant to § 2244(d)(2) because those motions were not properly filed applications for postconviction or other collateral review within the meaning of § 2244(d)(2). The Court agrees with one exception: Mr. Alexander's motion to amend the mittimus filed on September 13, 2004, tolled the one-year limitation period for two days until an amended mittimus was issued on September 14, 2004.

However, none of the other motions listed above that were filed in the trial court between May 2004 and March 2005 tolled the one-year limitation period pursuant to § 2244(d)(2) because those motions did not state any factual or legal grounds for relief. *See, e.g., May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (finding that postconviction motions for transcripts and petitions for writs of mandamus relating to those motions do not toll the one-year limitation period pursuant to § 2244(d)(2); *Pursley v. Estep*, 216 F. App'x 733, 734 (10th Cir. 2007) (finding that motion for appointment of counsel in postconviction proceedings pursuant to Colorado Rule 35(c) that did not state adequate factual or legal grounds for relief did not toll the one-year limitation period); *Osborne v. Boone*, No. 99-7015, 1999 WL 203523 at *1 (10th Cir. Apr. 12, 1999) (stating that "attempts to obtain trial records and transcripts at public expense are not collateral proceedings which would result in the tolling of the filing period under § 2244(d)(2).") Although a properly filed motion to reconsider a sentence

filed an amended motion for a copy of the case file in order to file a Rule 35(c) motion (*see* Application part 4, Doc. #6-5, pp.58-59).

Respondents argue that none of the motions that Mr. Alexander filed in the trial court between May 2004 and March 2005 tolled the one-year limitation period pursuant to § 2244(d)(2) because those motions were not properly filed applications for postconviction or other collateral review within the meaning of § 2244(d)(2). The Court agrees with one exception: Mr. Alexander's motion to amend the mittimus filed on September 13, 2004, tolled the one-year limitation period for two days until an amended mittimus was issued on September 14, 2004.

However, none of the other motions listed above that were filed in the trial court between May 2004 and March 2005 tolled the one-year limitation period pursuant to § 2244(d)(2) because those motions did not state any factual or legal grounds for relief. *See, e.g., May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (finding that postconviction motions for transcripts and petitions for writs of mandamus relating to those motions do not toll the one-year limitation period pursuant to § 2244(d)(2); *Pursley v. Estep*, 216 F. App'x 733, 734 (10th Cir. 2007) (finding that motion for appointment of counsel in postconviction proceedings pursuant to Colorado Rule 35(c) that did not state adequate factual or legal grounds for relief did not toll the one-year limitation period); *Osborne v. Boone*, No. 99-7015, 1999 WL 203523 at *1 (10th Cir. Apr. 12, 1999) (stating that "attempts to obtain trial records and transcripts at public expense are not collateral proceedings which would result in the tolling of the filing period under § 2244(d)(2).") Although a properly filed motion to reconsider a sentence

would toll the one-year limitation period pursuant to § 2244(d)(2), Mr. Alexander's motion to reconsider, which consisted of a cover page and no actual arguments or claims, cannot be considered a properly filed application for postconviction or other collateral review within the meaning of § 2244(d)(2). Mr. Alexander's argument that he filed a letter with the cover sheet of his motion to reconsider that either was lost or withheld is not supported by the record and does not demonstrate that he properly filed an application for postconviction or other collateral review that tolled the one-year limitation period pursuant to § 2244(d)(2).

Of course, Mr. Alexander ultimately did file a postconviction Rule 35(c) motion on November 28, 2005. However, the Rule 35(c) motion, although properly filed under Colorado state law, could not toll the one-year limitation period because the Rule 35(c) motion was filed after the one-year limitation period already had expired. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). As discussed above, the one-year limitation period began to run on February 24, 2004, and was tolled for only two days before it expired on February 28, 2005.[1] As a result, the Court finds that this action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances

---

[1]Although the one-year limitation period was tolled for only two days, February 26, 2005, was a Saturday. Therefore, the one-year limitation period did not expire until Monday, February 28, 2005 *See* Fed. R. Civ. P. 6(a)(1)(C).

beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate actually is innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Alexander primarily argues that equitable tolling is appropriate because he is factually innocent of aggravated robbery. More specifically, Mr. Alexander argues that he is factually innocent of aggravated robbery because the toy gun he possessed is not a deadly weapon. The Court finds that Mr. Alexander's actual innocence argument does not justify equitable tolling of the one-year limitation period.

A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate actual innocence, Mr. Alexander first must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Id.* Mr. Alexander then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Alexander does not identify any new, reliable evidence in support of his actual innocence argument. Instead, he relies on the fact that he possessed and used only a toy gun during the robbery, a fact that was known and discussed prior to the entry of his guilty plea. Furthermore, the specific statute under which Mr. Alexander was convicted does not require the possession and use of a deadly weapon. **See** Colo. Rev. Stat. § 18-4-302(1)(d). Instead, a defendant may be convicted of aggravated robbery under § 18-4-302(1)(d) if the defendant "possesses any article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or represents verbally or otherwise that he is then and there so armed." *Id.* Therefore, even if the fact of the toy gun was new evidence, Mr. Alexander's possession and use of a toy gun does not convince the Court "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Alexander also raises many of the same arguments addressed above in the context of 28 U.S.C. § 2244(d)(1)(B) & (D) in support of equitable tolling of the one-year limitation period. He contends that equitable tolling is appropriate because the trial court did not receive the postconviction motion to reconsider he filed on May 4, 2004 (*see* Application Addendum, Doc. #6-7 at p.24; Reply to Pre-Answer Resp., Doc. #17 at p.24); he was unable to obtain either the written plea agreement or his actual presentence report (*see* Application Addendum, Doc. #6-7 at pp.24-25, 29-30; Reply to Pre-Answer Resp., Doc. #17 at pp.27-28); the original mittimus included a clerical error (*see* Application Addendum, Doc. #6-7 at p.26; Reply to Pre-Answer Resp., Doc. #17 at

p.27); the district attorney's office ignored his requests for a copy of the case file (*see* Application Addendum, Doc. #6-7 at pp.26-28; Reply to Pre-Answer Resp., Doc. #17 at pp.30-32); he experienced difficulties in obtaining a copy of the case file from the public defender's office (*see* Application Addendum, Doc. #6-7 at pp.26-28; Reply to Pre-Answer Resp., Doc. #17 at pp.30-32); it took about four or five months to obtain various necessary transcripts (*see* Application Addendum, Doc. #6-7 at p.33); a number of exhibits were removed from his Rule 35(c) motion (*see* Application Addendum, Doc. #6-7 at p.25; Reply to Pre-Answer Resp., Doc. #17 at p.25); he lacks legal training and had problems with postconviction counsel after he filed his Rule 35(c) motion (*see* Application Addendum, Doc. #6-7 at pp.30-33); he was denied access to the courts by prison officials while seeking postconviction relief pursuant to Rule 35(c) (*see* Application Addendum, Doc. #6-7 at p.34-36; Reply to Pre-Answer Resp., Doc. #17 at pp.32-37); and he needed to consult with counsel after the Rule 35(c) proceedings concluded in order to determine whether he had exhausted state remedies (*see* Application Addendum, Doc. #6-7 at pp.36-37).

The Court has considered all of Mr. Alexander's arguments and does not find the existence of any extraordinary circumstances beyond his control that made it impossible to file a timely habeas corpus application. Furthermore, many of the obstacles referenced in Mr. Alexander's arguments, and particularly the obstacles he allegedly faced after he filed his postconviction Rule 35(c) motion in November 2005, arose after the one-year limitation period already had expired in February 2005. As a result, even if those obstacles were extraordinary circumstances beyond

14

Mr. Alexander's control that made it impossible to file a timely habeas corpus application, Mr. Alexander would not benefit from that tolling.

In conclusion, the Court finds that the instant habeas corpus action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Because the Court will dismiss this action as time-barred, the Court will not address Respondents' alternative arguments regarding exhaustion of state remedies and procedural bar. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __13th__ day of __April__, 2010.

BY THE COURT:

*Christine M. Arguello*

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02826-BNB

Clay Alexander
Prisoner No. 120423
5155 Diamond Drive
Colorado Springs, CO 80918

John D. Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/14/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk